UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dana Jackson,

Plaintiff,

v.

Wells Fargo of Plaza Services LLC,

Defendant.

Civ. No. 19-2694 (NEB/BRT)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Dana Jackson's Complaint (Doc. No. 1), and Application to Proceed in District Court Without Prepayment of Fees (Doc. No. 2 ("IFP Application")). For the reasons discussed below, the Court recommends that the Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that the IFP Application be denied.

An IFP application will be denied, and an action dismissed, if the plaintiff has filed a complaint found to be "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The U.S. Court of Appeals for the Eighth Circuit has held that "district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992); *see also Olson v. Counts*, No. 12-CV-0218 (ADM/TNL), 2012 WL 1394270, at *2–3 (D. Minn. Feb. 17, 2012) (quoting *Aziz* and recommending dismissal of action as duplicative), *report and recommendation adopted*, 2012 WL 1394594 (D. Minn. Apr. 23,

2012), *aff'd*, No. 12-2259 (8th Cir. July 12, 2012); *Ashby v. Park Nicollet Health Servs.*, No. 08-CV-4692 (JRT/FLN), 2008 WL 3911805, at *1 (D. Minn. Aug. 18, 2008) (same).

Jackson already has a pending case involving the Defendant named here as "Wells Fargo of Plaza Services LLC." *See Jackson v. Wells Fargo*, No. 19-CV-2326 (NEB/BRT), Doc. No. 5, First-Action Complaint 1–2.[1] The entity's name differs slightly at places in the two complaints, but the entity's address is consistent in both; it is plain that both actions target the same Wells Fargo entity. (*Compare id.* at 2, *with* Compl. 2.) In a Report and Recommendation dated October 9, 2019, this Court recommended (among other things) that Wells Fargo be dismissed from Case No. 19-CV-2326 (NEB/BRT). *See Jackson v. Wells Fargo*, No. 19-CV-2326 (NEB/BRT), Doc. No. 9, First-Action R&R 8. Rather than filing objections to the First-Action R&R, *see id.* at 8–9 (providing instructions on filing objections), Jackson filed the present action on October 11, 2019. (*See* Compl. 1.)

"'[The] general rule for determining duplicative litigation is whether the parties, issues, and available relief do not significantly differ between two actions.'" *Olson*, 2012 WL 1394270, at *2 (quoting *Patel v. Prince*, 276 F. App'x 531, 532 (8th Cir. 2008) (brackets in *Olson*)). Comparing the First-Action Complaint and the Complaint here shows that the actions' parties, issues, and available relief do not significantly differ:

- *Parties:* As noted above, the same Wells Fargo entity is a defendant in both actions. (*Compare* First-Action Compl. 2, *with* Compl. 2.)

---

[1]   Because the First-Action Complaint is not paginated consecutively, references to it use the page numbers generated by the Court's CM/ECF filing system.

- *Issues:* While the present Complaint seeks to bring claims under different statutes, the gravamen of Jackson's claims against Wells Fargo is the same in both actions. Jackson claims in both that Wells Fargo and/or Plaza Services LLC is improperly litigating against her in Wisconsin state court, and that Wells Fargo improperly refused to deposit a check of Jackson's. (*Compare* First-Action Compl. 4–5, *with* Compl. 4.)

- *Available Relief:* In both actions, Jackson seeks monetary relief—indeed, she seeks the same amount of relief ($2,000,000) in both cases. (*Compare* First-Action Compl. 5, *with* Compl. 5.)

Because the parties, actions, and available relief between Jackson's two relevant actions do not significantly differ, the Court concludes that the actions are duplicative. The Court therefore recommends that the IFP Application be denied and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This action be summarily **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff Dana Jackson's Application to Proceed in District Court Without Prepayment of Fees (Doc. No. 2) be **DENIED**.

Dated: October 24, 2019      *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).