# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DANA JACKSON, | Case No. 19-CV-2694 (NEB/BRT) |
| Plaintiff, | |
| WELLS FARGO OF PLAZA SERVICES LLC, | ORDER ON REPORT AND RECOMMENDATION |
| Defendant. | |

The Court has received the October 24, 2019 Report and Recommendation of United States Magistrate Judge Becky R. Thorson. [ECF No. 6 ("R&R").] The R&R recommends summarily dismissing the complaint [ECF No. 1] under 28 U.S.C. § 1915(e)(2)(B)(i), and denying the Plaintiff's *in forma pauperis* ("IFP") application [ECF No. 2]. Plaintiff Dana Jackson filed two letters to the Court in response to the R&R. The first filing, filed on November 4, 2019, requested a new magistrate judge, claiming that that Judge Thorson showed "bias," "malice," and "prejudice" toward Jackson. [ECF No 8.] Jackson's second filing, filed on November 5, 2019, asked how to reply to the R&R. [ECF No. 7.]

Jackson claims that Judge Thorson called her malicious and denied her with prejudice, making recusal required. [ECF No. 8 at 1.] These allegations appear to misunderstand the R&R's statement of the rule that "[a]n IFP application will be denied, and an action dismissed, if the plaintiff has filed a complaint found to be 'frivolous or malicious.' 28 U.S.C. § 1915(e)(2)(B)(i)," (R&R at 1), and Judge Thorson's recommendation that the action be dismissed with prejudice.

(*Id.* at 3.) A party may seek a judge's recusal under 28 U.S.C. § 455[1] or 28 U.S.C. § 144[2]. "[J]udicial rulings alone almost never constitute a valid basis for a [recusal] motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A reviewing court may consider a party's motion to recuse a United States Magistrate Judge. *See, e.g.*, *United States v. Andrews*, 381 F. Supp. 3d 1044, 1057 (D. Minn. 2019). If a party makes this motion in response to an R&R, the Court will consider the motion when it is deciding whether to accept the R&R. *See, e.g.*, *id.* Here, Jackson's basis for her request to recuse Judge Thorson is solely Judge Thorson's reasoning and recommendation in the R&R. Nothing in the R&R suggests bias or prejudice.[3] There is no basis to remove Judge Thorson from the case, and Jackson's request is denied.

Jackson's other filing asks for guidance on what to do next in her case. [ECF No. 7.] "Without objections, a district court is under no obligation to review the factual or legal conclusions of such a report, absent requirements from the Circuit in which it sits." *Reed v. Curry Concrete Constr., Inc.*, No. 10-CV-4329 (JRT/LIB), 2011 WL 2015217, at *2 (D. Minn. May 23, 2011).

---

[1] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. § 455(a).

[2]
> Whenever a party to any proceeding in district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144.

[3] The Court notes that Judge Thorson did not refer to Jackson as malicious, but rather was quoting the legal standard that courts use to determine if and when a *pro se* complaint should be dismissed with prejudice.

When a party does not cite any reason why the R&R is incorrect, nor any basis for the Court to reach a different outcome, the Court is not required to conduct a *de novo* review of the Magistrate Judge's recommendations. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (requiring *de novo* review only for the portions of the R&R to which objections are made). Jackson's filing does not cite any specific objections to the R&R, so the court reviews the R&R for clear error. *Reed*, 2011 WL 2015217, at *2 (collecting cases); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam) (acknowledging that district courts review R&Rs for clear error absent an objection). The Court finds Judge Thorson's reasoning sound and finds no legal basis to depart from her recommendations.

Finding no clear error, and based upon all the files, records, and proceedings in the above-captioned matter,

IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 6] is ACCEPTED;
2. Plaintiff's request to remove Judge Thorson [ECF No. 8] is DENIED;
3. To the extent that ECF No. 7 can be considered an objection to the Report and Recommendation, it is OVERRULED;
4. This action is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i); and
5. Plaintiff's application to proceed i*n forma pauperis* [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 3, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge